**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC PERSONNEL SERVICES, INC. a California Corporation,<br><br>Defendant. | Case No._____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>5. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203<br>6. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq.*]; and,<br>7. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq.*];<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Plaintiff Tyler Smith ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Pacific Personnel Services, Inc. ("DEFENDANT") is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.     PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from October of 2016 to April 5, 2017.  PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.  In connection with PLAINTIFF's employment application, PLAINTIFF completed DEFENDANT's standard application materials.  Among other things, these application materials included a background investigation release and waiver form.

3.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

4.     During the employment application process PLAINTIFF executed the background check disclosure and authorization form permitting DEFENDANT to have a third-party obtain a consumer report, which form included, among other things, a liability release provision.

5.     PLAINTIFF also brings this Class Action on behalf of himself and a nationwide class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release

CLASS ACTION COMPLAINT

clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

6.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked and meal and rest breaks missed. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## THE CONDUCT

7.    The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA") provides individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form most be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. *The authorization and disclosure must stand alone*.

8.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted a liability release provision into forms purporting to grant DEFENDANT and its third-party background checking company the authority to obtain and use consumer report

1   information for employment purposes.  The FCRA prohibits this practice and requires that

2   forms granting the authority to access and use consumer report information for employment

3   purposes be stand alone forms, and not include any additional information or agreements.

4   DEFENDANT's decision to include liability release provisions in its authorization forms is

5   contrary to the plain language of the statute and unambiguous regulatory guidance from the

6   Federal Trade Commission ("FTC").

7       9.      In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained

8   consumer reports without proper authorization because the authorization and disclosure form

9   signed by PLAINTIFF and other FCRA CLASS Members failed to comply with the

10  requirements of the FCRA.  The inclusion of the liability release clause in DEFENDANT's

11  authorization forms invalidates the purported consent and also triggers statutory damages under

12  the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a

13  consumer report without a facially valid authorization, as well as punitive damages, equitable

14  relief, and attorneys' fees and costs.

15      10.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

16  to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

17  CLASS for their overtime worked.  DEFENDANT systematically, unlawfully and unilaterally

18  faied to accurately calculate wages for overtime worked by PLAINTIFF and other members of

19  the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime

20  compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

21  forfeited wages due them for working overtime without compensation at the correct overtime

22  rates.   DEFENDANT's uniform policy and practice to not pay the members of the

23  CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with

24  applicable law is evidenced by DEFENDANT's business records.

25      11.     State law provides that employees must be paid overtime at one-and-one-half

26  times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were

27  compensated at an hourly rate plus incentive pay that was tied to specific elements of an

28

CLASS ACTION COMPLAINT

1  employee's performance.

2       12.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

3  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

4  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

5  performance for DEFENDANT. The non-discretionary incentive program provided all

6  employees paid on an hourly basis with incentive compensation when the employees met the

7  various performance goals set by DEFENDANT. However, when calculating the regular rate

8  of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

9  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

10  rate of pay" for purposes of calculating overtime pay. Management and supervisors described

11  the incentive program to potential and new employees as part of the compensation package. As

12  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

13  CLASS Members must be included in the "regular rate of pay." The failure to do so has

14  resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other

15  CALIFORNIA CLASS Members by DEFENDANT.

16       13.    In addition, DEFENDANT failed to provide all the legally required off-duty meal

17  breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the

18  applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which

19  provided or accurately recorded meal breaks to PLAINTIFF and the other CALIFORNIA

20  CLASS Members. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA

21  CLASS Members with a second off-duty meal period each workday in which these employees

22  were required by DEFENDANT to work ten (10) hours of work. As a result, DEFENDANT's

23  failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required

24  meal breaks is evidenced by DEFENDANT's business records.

25       14.    As a result of their rigorous work schedules, PLAINTIFF and other

26  CALIFORNIA CLASS Members were also from time to time unable to take rest breaks.

27  During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS

28

CLASS ACTION COMPLAINT

1   Members were also required to work in excess of four (4) hours without being provided ten (10)

2   minute rest periods.  Further, these employees were denied their first rest periods of at least ten

3   (10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest

4   period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours,

5   and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten

6   (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS Members were also not

7   provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules,

8   PLAINTIFF and other CALIFORNIA CLASS Members were systemically denied their proper

9   rest periods by DEFENDANT and DEFENDANT's managers.

10          15.     PLAINTIFF sought employment with DEFENDANT in October of 2016.  In

11   connection with his employment application, PLAINTIFF completed DEFENDANT's standard

12   application materials.  These application materials included a background check disclosure and

13   authorization form and included on the form was extraneous information, including but not

14   limited to, a liability release clause releasing DEFENDANT and its third-party it contracted

15   with from all liability stemming from the conducting of a background check on PLAINTIFF.

16   Following his submission of the employment application materials DEFENDANT's third party

17   conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for

18   DEFENDANT.

19          16.     The background check disclosure and authorization form disclosed that

20   DEFENDANT intended to conduct a background investigation on the applicant that would

21   involve investigating the applicant's work record, references and education.  In addition, the

22   form also contained a liability release provision.

23          17.     The inclusion of this liability release provision in the background check disclosure

24   and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

25          18.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer

26   report to be procured for employment purposes, unless:

27          (i)     a clear and conspicuous disclosure has been made in writing to the consumer at
                    any time before the report is procured or caused to be procured, ***in a document***
28

6

CLASS ACTION COMPLAINT

*that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(I)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

19.    After PLAINTIFF executed the background check disclosure and authorization form in October 24, 2016 DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

20.    Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that "the form should not include any extraneous information. Further, the FTC has also specifically warned that "[t]he inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

21.    By including a liability release clause in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

22.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

1     23.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

2  Members as a business expense, were required by DEFENDANT to use personal cellular

3  phones as a result of and in furtherance of their job duties as employees for DEFENDANT but

4  were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of

5  the personal cellular phones for DEFENDANT's benefit.  As a result, in the course of their

6  employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA

7  CLASS incurred unreimbursed business expenses which included, but were not limited to, costs

8  related to the use of their personal cellular phones all on behalf of and for the benefit of

9  DEFENDANT. Further, PLAINTIFF and other CALIFORNIA CLASS Members were also not

10  reimbursed or indemnified by DEFENDANT for the full costs associated with using their

11  personal vehicles for DEFENDANT.  As a result, in the course of their employment with

12  DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred

13  unreimbursed business expenses which included, but were not limited to, costs related to travel

14  all on behalf of and for the benefit of DEFENDANT.

15     24.     When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime

16  in the same pay period they received incentive compensation and/or missed meal and/or rest

17  breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the

18  CALIFORNIA CLASS with complete and accurate wage statements which failed to show,

19  among other things, the correct overtime rate for overtime worked, including, work performed

20  in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the

21  correct penalty payments or missed rest periods.  Cal. Lab. Code § 226 provides that every

22  employer shall furnish each of his or her employees with an accurate itemized wage statement

23  in writing showing, among other things, gross wages earned and all applicable hourly rates in

24  effect during the pay period and the corresponding amount of time worked at each hourly rate.

25  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to

26  PLAINTIFF an itemized wage statement that accurately lists all the requirements under

27  California Labor Code 226 *et seq.* As a result, from time to time DEFENDANT provides

28

CLASS ACTION COMPLAINT

1  PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which
2  violated Cal. Lab. Code § 226.

3      25.    By reason of this uniform conduct applicable to PLAINTIFF and all
4  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in
5  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*
6  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately
7  calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other
8  CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime hour
9  rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the
10 obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all
11 required overtime compensation for work performed by the members of the CALIFORNIA
12 CLASS and violated the California Labor Code and regulations promulgated thereunder as
13 herein alleged.

14      26.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to
15 him in the form of two components.  One component of PLAINTIFF's compensation was a base
16 hourly wage.  The second component of PLAINTIFF's compensation was a non-discretionary
17 incentive wage.  DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain
18 predefined performance requirements.  PLAINTIFF met DEFENDANT's predefined eligibility
19 performance requirements in various pay periods throughout his employment with
20 DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wages.  During these pay
21 periods in which PLAINTIFF was paid the non-discretionary incentive wages by
22 DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never
23 included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of
24 calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid
25 PLAINTIFF for overtime worked throughout his employment with DEFENDANT.  The
26 incentive compensation paid by DEFENDANT constituted wages within the meaning of the
27 California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of

28

1  pay." As a result of the rigorous work schedule imposed by DEFENDANT, PLAINTIFF was

2  also from time to time unable to take off duty meal and rest breaks and was not fully relieved

3  of duty for his meal and rest periods. PLAINTIFF was required to perform work as ordered by

4  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

5  break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal

6  period each workday in which he was required by DEFENDANT to work ten (10) hours of

7  work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation

8  and in accordance with DEFENDANT's strict corporate policy and practice. When

9  PLAINTIFF worked overtime in the same pay period he earned incentive wages and/or missed

10  meal and rest breaks, DEFENDANT also provided PLAINTIFF with a paystub that failed to

11  accurately display PLAINTIFF's correct rates of overtime pay for certain pay periods in

12  violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF

13  the overtime compensation still owed to him or any penalty wages owed to him under Cal. Lab.

14  Code § 203.

## JURISDICTION AND VENUE

27.  This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15 U.S.C. § 1681, *et seq*.

28.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (I) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices and facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CLASS, including the PLAINTIFF in this District.

## THE CALIFORNIA CLASS

29.  PLAINTIFF bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class,

1    defined as all individuals who are or previously were employed by DEFENDANT in California

2    and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

3    period beginning four (4) years prior to the filing of this Complaint and ending on the date as

4    determined by the Court (the "CALIFORNIA CLASS PERIOD").

5         30.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

6    CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

7    accordingly.

8         31.    The California Legislature has commanded that "all wages... ...earned by any

9    person in any employment are due and payable twice during each calendar month, on days

10   designated in advance by the employer as the regular paydays",  and further that  "[a]ny work

11   in excess of eight hours in one workday and any work in excess of 40 hours in any one

12   workweek . . . shall be compensated at the rate of no less than one and one-half times the

13   regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

14   Commission (IWC), however, is statutorily authorized to "establish exemptions from the

15   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

16   professional employees, provided [inter alia] that the employee is primarily engaged in duties

17   that meet the test of the exemption, [and] customarily and regularly exercises discretion and

18   independent judgment in performing those duties..."   (Lab. Code § 510(a).)   Neither

19   PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

20   LABOR SUB-CLASS qualify for exemption from the above requirements.

21        32.    DEFENDANT, as a matter of company policy, practice and procedure, and in

22   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

23   requirements, and the applicable provisions of California law, intentionally, knowingly, and

24   wilfully, engages in a practice whereby DEFENDANT systematically fails to correctly calculate

25   and record overtime compensation for overtime worked by PLAINTIFF and the other members

26   of the CALIFORNIA CLASS, even though DEFENDANT enjoys the benefit of this work,

27   requires employees to perform this work and permits or suffers to permit this overtime work.

28

33.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid the applicable rate for all overtime worked and premiums for missed meal and rest breaks. The DEFENDANT, however, as a matter of uniform and systematic policy and procedure fails to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

34.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.*

35.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

36.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

(b)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy,

practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

(c) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and rest breaks to PLAINTIFF and the CALIFORNIA CLASS members;

(d) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(e) Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

37. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

other members of the CALIFORNIA CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpaid overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.    PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

38.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient

adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment

CLASS ACTION COMPLAINT

1      will obviate the need for unduly and unnecessary duplicative

2      litigation that is likely to result in the absence of certification of

3      this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

4      39.      This Court should permit this action to be maintained as a Class Action pursuant

5 to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

6      (a)      The questions of law and fact common to the CALIFORNIA CLASS

7      predominate over any question affecting only individual CALIFORNIA

8      CLASS Members because the DEFENDANT's employment practices are

9      uniform and systematically applied with respect to the CALIFORNIA

10      CLASS;

11      (b)      A Class Action is superior to any other available method for the fair and

12      efficient adjudication of the claims of the members of the CALIFORNIA

13      CLASS because in the context of employment litigation a substantial

14      number of individual CALIFORNIA CLASS Members will avoid

15      asserting their rights individually out of fear of retaliation or adverse

16      impact on their employment;

17      (c)      The members of the CALIFORNIA CLASS are so numerous that it is

18      impractical to bring all members of the CALIFORNIA CLASS before the

19      Court;

20      (d)      PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

21      able to obtain effective and economic legal redress unless the action is

22      maintained as a Class Action;

23      (e)      There is a community of interest in obtaining appropriate legal and

24      equitable relief for the acts of unfair competition, statutory violations and

25      other improprieties, and in obtaining adequate compensation for the

26      damages and injuries which DEFENDANT's actions have inflicted upon

27      the CALIFORNIA CLASS;

28

CLASS ACTION COMPLAINT

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

40.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

41.    PLAINTIFF further bring the Second, Third, Fourth and Fifth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)..

42.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

43.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

44.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

45.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

        (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

        (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

        (c)    Whether DEFENDANT failed to accurately record the applicable

overtime rates for all overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)   Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(e)   Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(f)   The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(g)   Whether DEFENDANT's conduct was willful.

46.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee;

(c)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

CLASS ACTION COMPLAINT

1          (d)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

2                  the CALIFORNIA CLASS members with necessary expenses incurred in

3                  the discharge of their job duties.

4       47.    This Class Action meets the statutory prerequisites for the maintenance of a Class

5   Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

6          (a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

7                  so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

8                  Members is impracticable and the disposition of their claims as a class

9                  will benefit the parties and the Court;

10         (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues

11                 that are raised in this Complaint are common to the CALIFORNIA

12                 LABOR SUB-CLASS and will apply uniformly to every member of the

13                 CALIFORNIA LABOR SUB-CLASS;

14         (c)     The claims of the representative PLAINTIFF are typical of the claims of

15                 each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

16                 like all the other members of the CALIFORNIA LABOR SUB-CLASS,

17                 was a non-exempt employee who was subjected to DEFENDANT's

18                 practice and policy which failed to pay the correct rate of overtime wages

19                 due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked.

20                 PLAINTIFF sustained economic injury as a result of DEFENDANT's

21                 employment practices.    PLAINTIFF and the members of the

22                 CALIFORNIA LABOR SUB-CLASS were and are similarly or

23                 identically harmed by the same unlawful, deceptive, unfair and pervasive

24                 pattern of misconduct engaged in by DEFENDANT; and,

25         (d)     The representative PLAINTIFF will fairly and adequately represent and

26                 protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

27                 retained counsel who are competent and experienced in Class Action

28

21

litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

48. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the

CLASS ACTION COMPLAINT

CALIFORNIA LABOR SUB-CLASS as required by law;

(c)  Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of

individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

49.  This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)  PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress

CLASS ACTION COMPLAINT

1        unless the action is maintained as a Class Action;

2    (e)    There is a community of interest in obtaining appropriate legal and

3        equitable relief for the acts of unfair competition, statutory violations and

4        other improprieties, and in obtaining adequate compensation for the

5        damages and injuries which DEFENDANT's actions have inflicted upon

6        the CALIFORNIA LABOR SUB-CLASS;

7    (f)    There is a community of interest in ensuring that the combined assets of

8        DEFENDANT are sufficient to adequately compensate the members of

9        the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

10   (g)    DEFENDANT has acted or refused to act on grounds generally applicable

11       to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

12       wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

13       CLASS as a whole;

14   (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

15       ascertainable from the business records of DEFENDANT. The

16       CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

17       CLASS Members classified as non-exempt employees during the

18       CALIFORNIA LABOR SUB-CLASS PERIOD; and,

19   (i)    Class treatment provides manageable judicial treatment calculated to bring

20       a efficient and rapid conclusion to all litigation of all wage and hour

21       related claims arising out of the conduct of DEFENDANT as to the

22       members of the CALIFORNIA LABOR SUB-CLASS.

23

24           **THE FCRA CLASS ALLEGATIONS**

25       50.    PLAINTIFF brings the Sixth and Seventh Causes of Action pursuant to Fed. R.

26   Civ. Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all employees or

27   prospective employees of DEFENDANT in the United States who executed DEFENDANT's

28

standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

51.    To the extent equitable tolling operates to toll claims by the FCRA CLASS against DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

52.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

53.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

54.    DEFENDANT uniformly violated the rights of the FCRA CLASS by:

(a)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

55.    Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT required the FCRA CLASS Members to sign a background check disclosure and authorization form;

(b)    Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA");

(c)    Whether DEFENDANT violated the FCRA by including a liability release in its background check disclosure and authorization form; and,

(d)    Whether DEFENDANT violated the FCRA by procuring consumer report information based on invalid authorizations;

(e)    Whether DEFENDANT's violations of the FCRA were willful;

(f)    The proper measure of statutory damages and punitive damages; and,

(g)    The proper form of injunctive and declaratory relief.

56.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the FCRA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the FCRA CLASS will apply uniformly to every member of the FCRA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the FCRA CLASS. PLAINTIFF, like all the other members of the FCRA CLASS, had a credit report obtained on her behalf by DEFENDANT prior to obtaining valid authorization to do so in violation of the FCRA as described herein. PLAINTIFF and the members of the FCRA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the FCRA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the FCRA CLASS that would make class certification inappropriate. Counsel for the FCRA CLASS will vigorously assert the

claims of all employees in the FCRA CLASS.

57.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the FCRA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or,

2)   Adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the FCRA CLASS have acted or refused to act on grounds generally applicable to the FCRA CLASS, making appropriate class-wide relief with respect to the FCRA CLASS as a whole;

(c)   Common questions of law and fact exist as to the members of the FCRA CLASS, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the FCRA CLASS in individually controlling the prosecution or defense of separate actions in that

the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual FCRA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B. Adjudications with respect to individual members of the FCRA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of

1          this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

2      58.    This Court should permit this Action to be maintained as a Class Action pursuant

3  to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

4          (a)    The questions of law and fact common to the FCRA CLASS predominate

5                 over any question affecting only individual FCRA CLASS Members

6                 because DEFENDANT's employment practices were uniform and

7                 systematically applied with respect to the FCRA CLASS;

8          (b)    A Class Action is superior to any other available method for the fair and

9                 efficient adjudication of the claims of the members of the FCRA CLASS

10                because in the context of employment litigation a substantial number of

11                individual FCRA CLASS Members will avoid asserting their rights

12                individually out of fear of retaliation or adverse impact on their

13                employment;

14         (c)    The members of the FCRA CLASS are so numerous that it is impractical

15                to bring all members of the FCRA CLASS before the Court;

16         (d)    PLAINTIFF, and the other FCRA CLASS Members, will not be able to

17                obtain effective and economic legal redress unless the action is maintained

18                as a Class Action;

19         (e)    There is a community of interest in obtaining appropriate legal and

20                equitable relief for the acts of statutory violations and other improprieties,

21                and in obtaining adequate compensation for the injuries which

22                DEFENDANT's actions have inflicted upon the FCRA CLASS;

23         (f)    There is a community of interest in ensuring that the combined assets of

24                DEFENDANT are sufficient to adequately compensate the members of

25                the FCRA CLASS for the injuries sustained;

26         (g)    DEFENDANT has acted or refused to act on grounds generally applicable

27                to the FCRA CLASS, thereby making final class-wide relief appropriate

28

1    with respect to the FCRA CLASS as a whole;

2    (h)    The members of the FCRA CLASS are readily ascertainable from the

3    business records of DEFENDANT. The FCRA CLASS consists of all

4    employees or prospective employees of DEFENDANT in the United

5    States who executed DEFENDANT's standard FCRA disclosure form that

6    included a liability release clause allowing DEFENDANT to obtain a

7    consumer report during the FCRA CLASS PERIOD; and,

8    (i)    Class treatment provides manageable judicial treatment calculated to bring

9    an efficient and rapid conclusion to all litigation of all FCRA claims

10    arising out of the conduct of DEFENDANT as to the members of the

11    FCRA CLASS.

12    59.    DEFENDANT maintains records from which the Court can ascertain and identify

13    by name and job title, each of DEFENDANT's employees who have been systematically,

14    intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

15    procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include

16    any additional job titles of similarly situated employees when they have been identified.

17

18    **FIRST CAUSE OF ACTION**

19    **For Unlawful Business Practices**

20    **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

21    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

22    60.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

23    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

24    Complaint.

25    61.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

26    Code § 17021.

27    62.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

28

1  unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

2  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

3  competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair
> competition may be enjoined in any court of competent jurisdiction. The court
> may make such orders or judgments, including the appointment of a receiver, as
> may be necessary to prevent the use or employment by any person of any practice
> which constitutes unfair competition, as defined in this chapter, or as may be
> necessary to restore to any person in interest any money or property, real or
> personal, which may have been acquired by means of such unfair competition.

8  Cal. Bus. & Prof. Code § 17203.

9  63.    By the conduct alleged herein, DEFENDANT has engaged and continues to

10  engage in a business practice which violated California law, including but not limited to, the

11  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

12  including Sections 204, 226.7, 510, 512, 1194, 1198 & 2802, and The Fair Credit Reporting Act

13  15 U.S.C. § 1681, *et seq.*, for which this Court should issue declaratory and other equitable

14  relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy

15  the conduct held to constitute unfair competition, including restitution of wages wrongfully

16  withheld.

17  64.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

18  unfair in that these practices violated public policy, were immoral, unethical, oppressive,

19  unscrupulous or substantially injurious to employees, and were without valid justification or

20  utility for which this Court should issue equitable and injunctive relief pursuant to Section

21  17203 of the California Business & Professions Code, including restitution of wages wrongfully

22  withheld.

23  65.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

24  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

25  other members of the CALIFORNIA CLASS, wages due for overtime worked and premiums

26  for missed meal and rest breaks, pursuant to the applicable Cal. Lab. Code, and Industrial

27  Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for

28

1    which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code

2    § 17203, including restitution of wages wrongfully withheld.

3        66.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

5    other members of the CALIFORNIA CLASS to be underpaid during their employment with

6    DEFENDANT.

7        67.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

8    unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

9    to provide all legally required meal breaks to PLAINTIFF and the other members of the

10   CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

11       68.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

12   CALIFORNIA CLASS Member, overtime wages and one (1) hour of pay for each workday in

13   which an off-duty meal period was not timely provided for each five (5) hours of work, and/or

14   one (1) hour of pay for each workday in which a second off-duty meal period was not timely

15   provided for each ten (10) hours of work.

16       69.    PLAINTIFF further demands on behalf of himself and each member of the

17   CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest

18   period was timely provided as required by law.

19       70.    By and through the unlawful and unfair business practices described herein,

20   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

21   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

22   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

23   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

24   to unfairly compete against competitors who comply with the law.

25       71.    All the acts described herein as violations of, among other things, the Industrial

26   Welfare Commission Wage Orders, the California Code of Regulations, and the California

27   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

28

1    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

2    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

3        72.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

4    and do, seek such relief as may be necessary to restore to them the money and property which

5    DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

6    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

7    unfair business practices, including earned but unpaid wages for all overtime worked.

8        73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

9    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

10   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

11   engaging in any unlawful and unfair business practices in the future.

12       74.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

13   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

14   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

15   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

16   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

17   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

18   engage in these unlawful and unfair business practices.

19

20                        **SECOND CAUSE OF ACTION**

21                    **For Failure To Pay Overtime Compensation**

22                    **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

23        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                                **Defendants)**

25       75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

26   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

27   of this Complaint.

28

CLASS ACTION COMPLAINT

76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime they worked.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

81.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

82.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

84.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF bring this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

86.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

& 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

87.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

88.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

89.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

90.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof,

interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee

1    is paid on a piece-rate basis,

2    (4) all deductions, provided that all deductions made on written orders of the employee

3    may be aggregated and shown as one item,

4    (5) net wages earned,

5    (6) the inclusive dates of the period for which the employee is paid,

6    (7) the name of the employee and his or her social security number, except that by

7    January 1, 2008, only the last four digits of his or her social security number or an

8    employee identification number other than a social security number may be shown on

9    the itemized statement,

10   (8) the name and address of the legal entity that is the employer, and

11   (9) all applicable hourly rates in effect during the pay period and the corresponding

12   number of hours worked at each hourly rate by the employee.

13   93.    From time to time, DEFENDANT violated Cal. Lab. Code § 226 in that

14   DEFENDANT failed to provide an accurate wage statement in writing that properly and

15   accurately itemized the effective rates of overtime and premiums paid for missed meal and rest

16   breaks, and gross wages earned and total hours worked by PLAINTIFF and the other members

17   of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct

18   overtime wages earned by the employees.  Aside, from the violations listed above in this

19   paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that

20   accurately lists all the requirements under California Labor Code 226 *et seq*.

21   94.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

22   § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

23   LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended

24   calculating the correct rates for the overtime worked and the amount of employment taxes

25   which were not properly paid to state and federal tax authorities.  These damages are difficult

26   to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR

27   SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial

28

1  pay period in which the violation occurred, and one hundred dollars ($100.00) for each

2  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

3  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

4  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

5

6  **FOURTH CAUSE OF ACTION**

7  **For Failure to Reimburse Employees for Required Expenses**

8  **[Cal. Lab. Code § 2802]**

9  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10  **Defendants)**

11  95.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12  reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14  96.    Cal. Lab. Code § 2802 provides, in relevant part, that:

15  An employer shall indemnify his or her employee for all necessary expenditures or
   losses incurred by the employee in direct consequence of the discharge of his or her
16  duties, or of his or her obedience to the directions of the employer, even though
   unlawful, unless the employee, at the time of obeying the directions, believed them to
17  be unlawful.

18  97.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

20  CLASS members for required expenses incurred in the discharge of their job duties for

21  DEFENDANT's benefit.  Specifically, DEFENDANT fails to reimburse PLAINTIFF and

22  the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were

23  not limited to, the cost associated with the use of their personal cellular phones for

24  DEFENDANT's benefit.  As a result, in the course of their employment with

25  DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-

26  CLASS incurred unreimbursed business expenses which included, but were not limited to,

27  the costs related to the use of their personal cellular phones all on behalf of and for the

28

benefit of DEFENDANT.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-
CLASS Members are also not reimbursed or indemnified by DEFENDANT for the full cost
associated with using their personal vehicles for DEFENDANT.  As a result, in the course
of their employment with DEFENDANT PLAINTIFF and other members of the
CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were
not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.
These expenses are necessary to complete their principal job duties. DEFENDANT is
estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although
these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA
LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse
PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as
an employer is required to do under the laws and regulations of California.

98.    PLAINTIFF therefore demands reimbursement for expenditures or losses
incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of
their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,
with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## FIFTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202 and 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

99.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
paragraphs of this Complaint.

100.    Cal. Lab. Code § 200 states that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of
every description, whether the amount is fixed or ascertained by the

41

standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

101.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

102.    Cal. Lab. Code § 202 states, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

103.    There was no definite term in PLAINTIFF's or any other CALIFORNIA LABOR SUB-CLASS Members' employment contract.

104.    Cal. Lab. Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

105.    When PLAINTIFF left employment with DEFENDANT, DEFENDANT still owed PLAINTIFF wages for work performed because PLAINTIFF was not compensated correctly for his overtime worked and meal and rest breaks missed.  To date, DEFENDANT has not paid PLAINTIFF these wages still owed to him. As such, DEFENDANT has not fully paid PLAINTIFF all wages still owed to him or any penalty wages that are now owed to him under California Labor Code § 203.

106.    The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS Members has terminated, yet as to those individuals whose employment

1  terminated, DEFENDANT did not timely tender payment of all wages owed as required by

2  law.

3      107.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

4  members of the CALIFORNIA LABOR SUB-CLASS whose employment terminated,

5  PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of

6  termination for all individuals in the CALIFORNIA LABOR SUB-CLASS who terminated

7  employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and

8  statutory costs as allowed.

9

10                          **SIXTH CAUSE OF ACTION**

11          **For Failure to Make Proper Disclosure in Violation of the FCRA**

12               **[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq.*]**

13       **(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

14      108.   PLAINTIFF, and the other members of the FCRA CLASS, reallege and

15  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

16  Complaint.

17      109.   DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including

18  a liability release clause in DEFENDANT's background check disclosure and authorization

19  form that PLAINTIFF and other FCRA CLASS Members were required to execute as a

20  condition of employment with DEFENDANT.

21      110.   The violations of the FCRA were willful.  DEFENDANT knew that its

22  background check disclosure and authorization form should not include extraneous information

23  that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights

24  of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

25      111.   PLAINTIFF and the other FCRA CLASS Members are entitled to statutory

26  damages of not less than $100 and not more than $1,000 for every violation of the FCRA,

27  pursuant to 15 U.S.C. § 1681n(a)(1)(A).

28

112.    PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

113.    PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SEVENTH CAUSE OF ACTION

### For Failure to Obtain Proper Authorization in Violations of the FCRA

### [15 U.S.C. § 1681b(b)(2)(A)(ii)]

### (By PLAINTIFF and the FCRA CLASS and Against All Defendants)

114.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

115.    DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

116.    The violations of the FCRA were willful.  DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

117.    PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

118.    PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

119.    PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)    That the Court certify the Second, Third and Fourth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

1        dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

2    C)    The amount of the expenses PLAINTIFF and each member of the

3        CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties,

4        plus interest, and costs of suit; and,

5    D)    The wages of all terminated individuals in the CALIFORNIA LABOR

6        SUB-CLASS as a penalty from the due date thereof at the same rate until paid

7        or until an action therefore is commenced, in accordance with Cal. Lab. Code

8        § 203.

9    3.    On behalf of the FCRA CLASS:

10   A)    That the Court certify the Sixth and Seventh Cause of Action asserted by the

11        FCRA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

12        and/or (3);

13   B)    A determination and judgment that DEFENDANT willfully violated the 15

14        U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including

15        liability release language in its background check disclosure and authorization

16        form and by obtaining consumer reports on PLAINTIFF and FCRA CLASS

17        Members without having proper authorization to do so;

18   C)    Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to

19        PLAINTIFF and the members of the FCRA CLASS in an amount equal to

20        $1,000 for PLAINTIFF and each FCRA CLASS Member for DEFENDANT's

21        willful violation of the FCRA:

22   D)    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to

23        PLAINTIFF and other FCRA CLASS Members;

24   E)    An award for costs of suit and reasonable attorneys' fees pursuant to 15

25        U.S.C. § 1681n(a)(3); and,

26   F)    Such other and further relief as the Court deems just and equitable.

27

28

CLASS ACTION COMPLAINT

1    4.    On all claims:

2        A)    An award of interest, including prejudgment interest at the legal rate;

3        B)    Such other and further relief as the Court deems just and equitable; and,

4        C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

5            including, but not limited to, pursuant to Labor Code §218.5, §226, §1194 and/or

6            §2802.

7

8    Dated: June 22, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

9

10                                By:   _/s/ Norman B. Blumenthal_____
                                        Norman B. Blumenthal
11                                      Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.


Dated:   June 22, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK LLP


                                   By:   */s/ Norman B. Blumenthal*
                                         Norman B. Blumenthal
                                         Attorneys for Plaintiff


K:\D\Dropbox\Pending Litigation\Pacific Personnel Services, Inc- Smith\p-Complaint-FINAL.wpd

CLASS ACTION COMPLAINT