UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER SMITH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PACIFIC PERSONNEL SERVICES, INC.,<br><br>  Defendant. | Case No. 17-cv-03594-SK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Regarding Docket Nos. 53, 54 |

On February 25, 2019, a hearing was held on the motion of Plaintiffs Tyler Smith and D'Errica Perryman ("Plaintiffs") for final approval of the class settlement (the "Settlement") and payments to the Class, the Plaintiffs, Class Counsel, and the Settlement Administrator. Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiffs, and Littler Mendelson, P.C. appeared for Defendant Pacific Personnel Services, Inc. ("Defendant").

The Parties have submitted their Settlement, which this Court preliminarily approved by its October 11, 2019, order (Docket No. 51) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.    Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. section 1331.

3. For settlement purposes only, the Court grants certification of the Classes consisting of the California Class and the FCRA Class. The California Class is defined as all individuals who worked for Defendant in California as non-exempt employees from June 22, 2013 up to and through June 30, 2018 (the "California Class Period"). The FCRA Class is defined as all employees or prospective employees for whom Defendant procured a background check during the time period of June 22, 2015 to August 29, 2017 (the "FCRA Class Period").

4. Pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") was sent to each class member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. No Class Members filed written objections to the proposed settlement as part of this notice process.

7. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court further approves the settlement of the

California Private Attorney General Act claims for civil penalties under the terms of the Agreement.

8. The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of $480,000 and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member and the California Labor Workforce Development Agency in accordance with the Agreement.

9. The Court finds and determines that the fees and expenses of KCC Class Action Services in administering the settlement, in the amount of $21,000 are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Service Payments and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amounts of $10,000 to each Plaintiff for the Class Representative Service Payments (not to exceed $10,000 each), $120,000 for attorneys' fees to Class Counsel (not to exceed $120,000), and $8,261.46 for reimbursement of costs (not to exceed $15,000) be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. Upon entry of final judgment, the Defendant and Released Parties shall be entitled to a release from the California Class Participating Class Members of all wage and hour claims, rights, demands, liabilities and causes of action of every nature and description whether known or unknown, alleged in the Complaint or First Amended Complaint which occurred or arose during the California Class Period, including, but not limited to (1) failure to pay minimum wage; (2) failure to pay any type of overtime or minimum wages, including but not limited to pursuant to California Labor Code sections 204, 510, 1194 and 1198; (3) claims for meal periods worked, interrupted or late; (4) meal period premium pay pursuant to California Labor Code section 512; (5) claims for

3

rest periods not authorized and permitted; (6) rest period premium pay; (7) regular pay for time worked but not paid, including time spent commuting or traveling for business purposes; (8) any claim for failure to provide accurate or complete itemized wage statements, including in violation of California Labor Code sections 226 and 1174; (9) any claim for failure to pay wages upon termination in violation of California Labor Code sections 201 through 203, inclusive; and other unrecorded work time not previously compensated; (10) all unreimbursed business expenses including automobile mileage and insurance, bridge tolls, and cell phone expense; (11) incorporated or related claims asserted through California Business and Professions Code § 17200; (12) all civil and statutory penalties arising from the released claims, including but not limited to pursuant to California Labor Code sections 204, 218.5, 225.5, 226.3, 558, 1194, 1197.1, incorporated or related claims asserted through PAGA (Labor Code sections 2698 *et seq*.), California Labor Code section 2802, and any other claims derived from or based upon or related to or arising out of the factual predicate of the Complaint. This Release includes all statutory, constitutional, contractual, equitable, or common law claims for all statutory and civil penalties, wages, compensatory, punitive and liquidated damages, interest, attorneys' fees and expenses, declaratory, injunctive, restitution and other equitable relief under federal and California law that arose during the Class Period based on the facts alleged in the Complaint and First Amended Complaint, including the California Labor Code, the Wage Orders of the California Industrial Welfare Commission, California Business & Professions Code § 17200 *et seq*., the California Labor Code Private Attorney General Act of 2004, Labor Code § 2699, *et seq*., the Fair Labor Standards Act of 1938, as amended, and expressly excluding claims for wrongful termination, unemployment insurance, disability, social security, and workers' compensation, and claims outside of the California Class Period.

12. Upon the entry of final judgment, the Defendant and Released Parties shall be entitled to a release from the FCRA Participating Class Members to the fullest extent permitted by law from all federal, state and local claims, causes of action, demands, and obligations of any kind in law or equity, whether known or unknown, suspected or unsuspected, that were either asserted in the *Smith* Action or that could reasonably arise from facts alleged in the *Smith* Action, relating in any way to, or arising out of, background checks, reference checks, investigations, and/or consumer reports of

4

any kind, including but not limited to the Fair Credit Reporting Act, the California Consumer Reporting Agencies Act, the California Investigative Consumer Reporting Agencies Act, California Business and Professions Code section 17200 and like federal, state and local laws, including but not limited to all statutory, compensatory, actual and punitive damages, restitution, declaratory, injunctive and equitable relief, and attorneys' fees and expenses, through June 30, 2018.

13. Pursuant to the terms of the Agreement, the Plaintiffs make the additional following general release of any and all claims, known or unknown, suspected or unsuspected, that each had, now has, or may hereafter claim to have against Defendant and Released Parties. Plaintiffs hereby fully and finally release Released Parties including Defendant, from any and all claims, complaints, liens, demands, rights, liabilities, debts, obligations, guarantees, costs, expenses, attorneys' fees, penalties, interest, damages (including but not limited to actual damages, statutory damages, or punitive damages), restitution, injunctive relief, declaratory relief, remedies and causes of action of every type, nature and description whatsoever, known or unknown, suspected or unsuspected, asserted or that might have been asserted, which he or she had, now has, or may hereafter claim to have against Defendant or any of the Released Parties for claims that occurred prior to the date of the Effective Date of the Agreement arising out of or relating to each Plaintiff's employment with Defendant, and/or any other occurrence taking place on or before the effective date of the Agreement. Without limiting the generality of the foregoing, each Plaintiff expressly releases all claims or rights that exist at the time of the execution of this Agreement arising out of alleged violations of any contracts, express or implied (including but not limited to any contract of employment); any contract or covenant of good faith or fair dealing (express or implied); any tort, including, without limitation, negligence, fraud, misrepresentation under California Labor Code § 970, negligent infliction of emotional distress, intentional infliction of emotional distress, slander and defamation; wrongful or constructive termination; any "retaliation" claims; any claims relating to any breach of public policy; any legal restrictions on Defendant's right to discharge employees or refuse to hire applicants; and any federal, state, or other governmental statute, regulation, order or ordinance, including, without limitation: (1) Title VII of the Civil Rights Act of 1964 (race, color, religion, sex, and national origin discrimination or harassment, including retaliation for reporting

1  discrimination or harassment); (2) 42 U.S.C. § 1981 (discrimination); (3) sections 503 and 504 of
2  the Rehabilitation Act of 1973 (handicap discrimination); (4) Equal Pay Act, 29 U.S.C. § 209(4)(1)
3  (equal pay); (5) Americans with Disabilities Act, 42 U.S.C. § 12100 *et seq.* (disability
4  discrimination); (6) California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*
5  (discrimination or harassment in employment and/or housing, including discrimination or
6  harassment based on race, religious creed, color, national origin, ancestry, disability, marital status,
7  sex (including pregnancy), sexual orientation, or age, including, without limitation, retaliation for
8  reporting discrimination or harassment); (8) California Family Rights Act, Cal. Gov't Code
9  § 12945.1 *et seq.* (family/medical leave); (9) California Labor Code, including but not limited to
10 California Labor Code § 2698 *et seq.* (PAGA), or any Industrial Welfare Commission Wage Order;
11 (10) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; (11) Executive Order 11246 (race, color,
12 religion, sex, and national origin discrimination or harassment); (12) Executive Order 11141 (age
13 discrimination); (13) California Business and Professions Code Section 17200, *et. seq.*, and
14 (14) Employee Retirement Income Security Act, 29 U.S.C. § 1000 *et seq.* (employee benefits). This
15 release includes all claims released by the California Class and FCRA Class members, including but
16 not limited to any claims under state or federal law for minimum wage, overtime, premium pay,
17 commissions, bonuses, expense reimbursement, claims for vacation, sick pay or leave, , and all
18 known and unknown claims to the fullest extent permissible by law (including a waiver of any and
19 all rights and benefits conferred by Cal. Civ. Code § 1542 and any similar provision under any other
20 law).

21        14.    Nothing in this order shall preclude any action to enforce the Parties' obligations
22 under the Settlement or under this order, including the requirement that Defendant make payment
23 in accordance with the Agreement.

24        15.    If, for any reason, the Settlement ultimately does not become Final (as defined by the
25 Settlement), this Final Approval Order will be vacated; the Parties will return to their respective
26 positions in this action as those positions existed immediately before the Parties executed the
27 Agreement; and nothing stated in the Agreement or any other papers filed with this Court in
28 connection with the Settlement will be deemed an admission of any kind by any of the Parties or

6

used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendant.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

18. The Parties are hereby ordered to comply with the terms of the Agreement.

19. Each side will bear its own costs and attorneys' fees except as provided by the Settlement and this Final Approval Order.

**IT IS SO ORDERED**.

Dated: February 25, 2019



SALLIE KIM
United States Magistrate Judge